IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19CV695-GCM-DCK

| | |
|---|---|
| JODY ROSE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| PSA AIRLINES, INC. GROUP ) | |
| INSURANCE PLAN, *et al.*, ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court upon the Memorandum and Recommendation of United States Magistrate David C. Keesler, filed March 24, 2021. The parties were advised that pursuant to 28 U.S.C. § 636(b)(1)(C), written objections to the Memorandum and Recommendation must be filed within 14 days after service of the memorandum. Plaintiff as well as all Defendants timely filed objections.

The Court conducted a *de novo* review of the Memorandum and Recommendation, as well as the Defendants' and the Plaintiff's objections thereto. Based upon this *de novo* review, the Court concludes that the recommendation to grant to the Defendants' Motion to Dismiss Plaintiff's section 502(a)(1)(B) claim (wrongful denial of benefits) is correct and in accordance with law, and the Court affirms the same. However, the Court further concludes that the recommendation to deny Defendants' Motion to Dismiss as to Plaintiff's Section 502(a)(3) claim is in error and the Court rejects this recommendation.

The facts in this ERISA case are accurately and thoroughly set out in the Memorandum and Recommendation and will not be repeated herein. The Court will address only the magistrate's analysis with regard to Plaintiff's Section 502(a)(3) claim.

1

In her Second Claim for Relief, Plaintiff alleges that all named Defendants acted in a fiduciary capacity and breached their fiduciary duties to the deceased, Kyree Holman, who died awaiting a heart transplant. Plaintiffs seeks "equitable relief in the form of the full value of the heart transplant and any related services, as well as other associated benefits to which [the deceased] would have been entitled had he lived." (Compl. ¶ 130).

Section 502(a)(3) of ERISA, 29 U.S.C. 1132(a)(3), authorizes a plan beneficiary to bring a civil action (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain *other appropriate equitable relief* (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan. 29 U.S.C. § 1132(a)(3) (emphasis added). The magistrate correctly noted that any claim for injunctive or declaratory relief under § 502(a)(3) is rendered moot in light of Mr. Holman's death. Accordingly, the only avenue of relief potentially available to the Plaintiff is "other equitable relief." The question before the Court then becomes whether the monetary value of the heart transplant sought by Plaintiff can be considered "other equitable relief."

In *Mertens v. Hewitt Assocs.*, 508 U.S. 248 (1993), the plaintiff sought "compensatory damages" under § 502(a)(3) in the form of "monetary relief for all losses . . . sustained as a result of the alleged breach of fiduciary duties." *Id.* at 255 (emphasis omitted). The Supreme Court held that these types of damages are "the classic form of legal relief,"—not equitable relief—and therefore are not available under § 502(a)(3). *Id.* (citations omitted*); see also Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 210 (2002) ("[T]he term 'equitable relief' in § 502(a)(3) must refer to 'those categories of relief that were typically available in equity'") (internal quotations, citations, and emphasis omitted); *Massachusetts Mut. Life Ins. Co. v.*

2

*Russell*, 473 U.S. 134, 144 (1985) (holding that ERISA does not create a right of action for extracontractual damages caused by improper or untimely processing of benefit claims).

The magistrate relies on the Supreme Court's decision in *CIGNA Corp. v. Amara*, 563 U.S. 421 (2011) in concluding that Plaintiff may have viable claim under § 502(a)(3) under the equitable remedy of surcharge. In *Amara*, the Court suggested, in *dicta*, that plan participants and beneficiaries may, in certain circumstances, be able to recover monetary relief under § 502(a)(3) pursuant to various equitable theories, specifically the equitable theory of "surcharge." 563 U.S. at 442. Other than describing surcharge as an equitable theory that allows for "make whole relief," *id*. at 442, and noting that it requires a showing of "actual harm" and causation, *id*. at 444, the Court did not set forth any more specific contours of this remedy. Instead, it remanded to the district court to decide whether or not relief was appropriate on the facts of the case. *Id*. at 445.

Under traditional equitable principles, "'surcharge' is not simply the moniker given to any monetary payment for an equitable harm—if it were, then there would be no need for other equitable remedies, such as restitution, equitable estoppel, or a constructive trust." *Kenseth v. Dean Health Plan, Inc.*, 722 F.3d 869, 893 (7th Cir. 2013) (Manion, J., concurring). The post-*Amara* Fourth Circuit cases addressing the surcharge remedy under § 502(a)(3) all involve a situation where the plaintiffs were seeking to be made whole—i.e., put in the position that they would have been but for the fiduciary's alleged breach. *Retirement Comm. of DAK Americas LLC v. Brewer*, 867 F.3d 471, 486 (4th Cir. 2017) (reversing district court's grant of summary judgment to allow claim for surcharge remedy brought by a participant in a defined benefit pension plan who relied on fiduciary's misrepresentation "to his financial detriment"); *McCravy v. Metro Life Ins. Co*., 690 F.3d 176, 181 (4th Cir. 2012) (noting that plaintiff may be able to

recover under a remedy of surcharge "the amount of life insurance proceeds lost because of [the] trustee's breach of fiduciary duty"). Indeed, in *Amara* itself the plaintiffs simply sought to be placed in the same position they would have been in but for allegedly misleading summary plan descriptions. *Amara*, 563 U.S. at 441 (noting that the relief ordered by the district court consisted of "injunctions [that] require the plan administrator to pay to already retired beneficiaries money owed them under the plan as reformed"). This type of relief was arguably "typically available in equity."

Here, by contrast, Plaintiff is not asking the Court to put her in the same position that she would have been in had the benefits been paid. Instead, she is seeking a monetary windfall that, in reality, could have never come to pass. Even if Defendants had timely approved of Mr. Holman's claim for benefits, that approval would not have resulted in Mr. Holman receiving the monetary value of a heart transplant and other medical treatment. Instead, Mr. Holman would possibly have received the transplant, and his medical providers would have been paid for their services. In other words, had Holman's claim for benefits been approved, he would possibly have received the medical treatment itself, but under no circumstances would he have received the monetary value of that treatment. Awarding Plaintiff the monetary value of medical treatment that Mr. Holman did not receive—and cannot now receive— is not the type of "make whole relief" authorized under the equitable remedy of surcharge.

The Court finds that regardless of whether the Defendants acted as fiduciaries, Plaintiff cannot obtain the relief sought because it is merely a claim for compensatory damages and does not constitute "appropriate equitable relief" under § 502(a)(3). *See Zavala v. Trans-System,* 258 Fed. App'x. 155, 157 (9th Cir. 2007) (affirming holding of the district court that the monetary value of a denied benefit in the form of a medical procedure that the beneficiary cannot receive

4

due to his death is not permissible under § 502(a)(3)). While the facts of this case are undoubtedly tragic, it is not for this Court to fashion a remedy under ERISA for these particular circumstances, rather that is the job of Congress.

IT IS THEREFORE ORDERED that the Defendants' Motions to Dismiss are hereby GRANTED.

Signed: September 22, 2021

Graham C. Mullen
United States District Judge